UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOHN MANCUSO,

    Plaintiff,

vs.                                            Case No. 3:20-cv-933-MMH-MCR

ACTING COMMISSIONER OF
THE SOCIAL SECURITY
ADMINISTRATION,

    Defendant.
_____/

**O R D E R**

**THIS CAUSE** is before the Court on Magistrate Judge Monte C. Richardson's Report and Recommendation (Dkt. No. 28; Report), entered on February 9, 2022. In the Report, Judge Richardson recommends that the Commissioner's decision be reversed and remanded. See Report at 2, 30. No objections to the Report have been filed, and the time for doing so has passed.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). However,

the district court must review legal conclusions de novo.  See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at *1 (M.D. Fla. May 14, 2007).

Upon independent review of the Magistrate Judge's Report, the Court will accept and adopt the legal and factual conclusions recommended by the Magistrate Judge.   Accordingly, it is hereby

**ORDERED:**

1. The Report and Recommendation (Dkt. No. 28) is **ADOPTED** as the opinion of the Court.

2. The Clerk of the Court is directed to enter judgment, pursuant to sentence four of 42 U.S.C. § 405(g), **REVERSING** the Commissioner's decision and **REMANDING** with instructions to the Commissioner to conduct the five-step sequential evaluation process in light of all the evidence, including the opinion evidence from treating, examining, and non-examining sources; to conduct any further proceedings deemed appropriate; and to develop a complete record.

3. The Clerk of the Court is further directed to close the file.

4. If Plaintiff ultimately prevails in this case upon remand to the Social Security Administration, any § 406(b) or § 1383(d)(2) fee application must be filed within the parameters set forth by the Standing Order on Management of Social Security Cases entered in *In re: Administrative Orders of the Chief Judge*, Case No.: 3:21-mc-1-TJC (M.D. Fla. Dec. 7, 2021).

**DONE AND ORDERED** in Jacksonville, Florida, this 1st day of March, 2022.

MARCIA MORALES HOWARD
United States District Judge

ja
Copies to:
Counsel of Record